IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO: 3:09-1169-CMC |
| | ) | |
| vs. | ) | **OPINION and ORDER** |
| | ) | |
| Nancy Elizabeth Dyal, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's motion for continuance of bond pending appeal. ECF No. 453 (filed Dec. 7, 2012). Defendant "desires her current bond to remain in effect pending the outcome of her appeal." Mot. at 1.

Title 18, U.S.C. § 3143 imposes a presumption of detention after conviction. Therefore, it is Defendant's burden to show that she should remain out on bond pending appeal. Defendant must make an initial showing that she is neither a danger to the community nor is likely to flee. 18:3143(b). Defendant must then show that an appeal is not for the purpose of delay "and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B).

In *United States v. Steinhorn*, 927 F.2d 195 (4th Cir. 1991), the Fourth Circuit adopted the test from *United States v. Miller*, 753 F.2d 19 (3d Cir.1985), in finding that a court must make two inquiries after finding that the appeal is not taken for the purpose of delay. First, whether the question presented on appeal is a "substantial" one. Second, if decided in favor of the accused,

1

whether the substantial question is important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant, *Miller*, 753 F.2d at 23-24, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b).

As to what is considered a "substantial question," "[w]e adopt the definition of 'substantial question' . . .as [being] one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis." *Steinhorn*, 927 F.2d at 195 (quoting *United States v. Gaincola*, 754 F.2d 898, 901 (11th Cir. 1985)).

Defendant has already had one direct appeal, and remained on bond pending that appeal. Based upon the result of that appeal, a portion of Defendant's conviction was vacated and she was remanded for resentencing on the remaining counts of conviction. Defendant was resentenced November 8, 2012. Defendant has not provided, nor is the court aware of, any substantial question for appeal resulting from Defendant's resentencing. Accordingly, Defendant's motion is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 7, 2012